**Jatinder SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71747.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2006.*

Filed Sept. 15, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Jatinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's denial of his application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the BIA's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We grant the petition and remand.

■ Because the BIA did not make an explicit adverse credibility determination in this case, we accept Singh's testimony as true. *See Navas v. INS,* 217 F.3d 646, 652 n. 3 (9th Cir.2000).

■ Substantial evidence does not support the BIA's decision that Singh failed to establish eligibility for asylum on the merits. Because Singh was arrested twice, detained for significant periods of time, and beaten severely by police based on his association with Akali Dal Mann such that he was rendered unconscious and required hospitalization, he has demonstrated past persecution based on political opinion. *See Agbuya v. INS,* 241 F.3d 1224, 1230 (9th Cir.2001); *Desir v. Ilchert,* 840 F.2d 723, 727 (9th Cir.1988).

Hardeep Singh Rai, Manish Daftari, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, San Francisco, CA, Mark W. Pennak, Esq., Washington, DC, for Respondent.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Having established past persecution, Singh is entitled to a presumption of a well-founded fear of future persecution. *See Popova v. INS*, 273 F.3d 1251, 1259 (9th Cir.2001). Because Singh testified that the police continue to harass his father and come to the family home to search for Singh, and the government failed to present evidence to rebut the presumption, Singh has demonstrated a well-founded fear of future persecution. We therefore conclude that he is eligible for asylum.

■ Additionally, Singh's past persecution creates a presumption that he is eligible for withholding of removal. *See Kataria v. INS*, 232 F.3d 1107, 1115 (9th Cir. 2000). Singh's testimony shows that the Indian police have a continuing interest in him, and the government has not offered sufficient evidence to rebut this presumption. Therefore, we conclude Singh has established it is more likely than not that he would be persecuted if he returned to India, and has therefore met the requirements for withholding of removal. *See Agbuya*, 241 F.3d at 1230–31.

Accordingly, we grant the petition for review and remand to the BIA for the Attorney General to exercise his discretion with respect to the asylum application. We also remand for the agency to grant Singh withholding of removal and to determine whether Singh is eligible for CAT relief.

**PETITION FOR REVIEW GRANTED; REMANDED.**